<u>PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>

Name  <u>Newton    Cardell</u>
      (Last)     (First)    (Initial)

Prisoner Number  <u>F-52079</u>

Institutional Address  <u>San Quentin, Ca. 94964</u>

---

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

<u>CARDELL NEWTON</u>
(Enter the full name of plaintiff in this action.)

vs.

<u>PEOPLE OF THE STATE</u>
<u>OF CALIFORNIA</u>

(Enter the full name of respondent(s) or jailor in this action)

CV 08     3301   JF (PR)

Case No. <u>A115972</u>
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

---

<u>Read Comments Carefully Before Filling In</u>

<u>When and Where to File</u>

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS    1

1 | Who to Name as Respondent

2 | You must name the person in whose actual custody you are. This usually means the Warden or
3 | jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4 | you are imprisoned or by whom you were convicted and sentenced. These are not proper
5 | respondents.

6 | If you are not presently in custody pursuant to the state judgment against which you seek relief
7 | but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8 | custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack
9 | was entered.

10 | A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11 | 1. What sentence are you challenging in this petition?

12 |     (a)    Name and location of court that imposed sentence (for example; Alameda
13 |             County Superior Court, Oakland):
14 |     Superior, OAKLAND     ALAMEDA CO.
15 |         Court                                       Location
16 |     (b)    Case number, if known _____152484_____
17 |     (c)    Date and terms of sentence 11-20-06 / 3 yrs and 8 mo's
18 |     (d)    Are you now in custody serving this term? (Custody means being in jail, on
19 |             parole or probation, etc.)     Yes ✓    No ____
20 |             Where?
21 |             Name of Institution: San Quentin
22 |             Address: San Quentin, Ca 94964
23 | 2. For what crime were you given this sentence? (If your petition challenges a sentence for
24 | more than one crime, list each crime separately using Penal Code numbers if known. If you are
25 | challenging more than one sentence, you should file a different petition for each sentence.)

26 | _____
27 | _____
28 | _____

PET. FOR WRIT OF HAB. CORPUS     - 2 -

3. Did you have any of the following?

|   |   |   |
|---|---|---|
| Arraignment: | Yes ✓ | No ___ |
| Preliminary Hearing: | Yes ✓ | No ___ |
| Motion to Suppress: | Yes ___ | No ✓ |

4. How did you plead?

Guilty ___   Not Guilty ✓   Nolo Contendere ___

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury ✓   Judge alone ___   Judge alone on a transcript ___

6. Did you testify at your trial?   Yes ✓   No ___

7. Did you have an attorney at the following proceedings:

(a) Arraignment   Yes ✓   No ___
(b) Preliminary hearing   Yes ✓   No ___
(c) Time of plea   Yes ✓   No ___
(d) Trial   Yes ✓   No ___
(e) Sentencing   Yes ✓   No ___
(f) Appeal   Yes ✓   No ___
(g) Other post-conviction proceeding   Yes ✓   No ___

8. Did you appeal your conviction?   Yes ✓   No ___

(a) If you did, to what court(s) did you appeal?

Court of Appeal   Yes ✓   No ___
Year: 2007   Result: Denial / A115472

Supreme Court of California   Yes ✓   No ___
S·157715
Year: 2007   Result: Denial without Reviewing

Any other court   Yes ___   No ✓
Year: ___   Result: ___

(b) If you appealed, were the grounds the same as those that you are raising in this

| | | |
|---|---|---|
|1| petition? | Yes ✓   No ___ |
|2| (c) Was there an opinion? | Yes ✓   No ___ |
|3| (d) Did you seek permission to file a late appeal under Rule 31(a)? | |
|4| | Yes ___   No ✓ |

5       If you did, give the name of the court and the result:

6       _____

7       _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to
9    this conviction in any court, state or federal?        Yes ___   No ✓

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that
11   challenged the same conviction you are challenging now and if that petition was denied or dismissed
12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit
13   for an order authorizing the district court to consider this petition. You may not file a second or
14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28
15   U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following
17              questions for each proceeding. Attach extra paper if you need more space.
18       I.     Name of Court: _____
19              Type of Proceeding: _____
20              Grounds raised (Be brief but specific):
21              a. _____
22              b. _____
23              c. _____
24              d. _____
25              Result: _____ Date of Result: _____
26       II.    Name of Court: _____
27              Type of Proceeding: _____
28              Grounds raised (Be brief but specific):

1  a._____
2  b._____
3  c._____
4  d._____
5  Result: _____ Date of Result:_____
6  III.  Name of Court: _____
7  Type of Proceeding: _____
8  Grounds raised (Be brief but specific):
9  a._____
10  b._____
11  c._____
12  d._____
13  Result: _____ Date of Result:_____
14  IV.  Name of Court: _____
15  Type of Proceeding: _____
16  Grounds raised (Be brief but specific):
17  a._____
18  b._____
19  c._____
20  d._____
21  Result: _____ Date of Result:_____
22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?
23  Yes ____   No ✓
24  Name and location of court: _____

25  B. GROUNDS FOR RELIEF
26  State briefly every reason that you believe you are being confined unlawfully. Give facts to
27  support each claim. For example, what legal right or privilege were you denied? What happened?
28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET FOR WRIT OF HAB. CORPUS      - 5 -

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_____

_____

_____

Do you have an attorney for this petition?            Yes_____   No _✓_

If you do, give the name and address of your attorney: 

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __June 24, 2008__                      __Cordell Newton__
            Date                                    Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS            7

CASE # A115972

S157715    TDC

FORM 4
1/1/86

CDJ 48/156

184

THE STATE OF TEXAS                    IN THE 282nd Judicial DISTRICT

VS.                  NO. F-84-75513-S    COURT _____ OF

Cardell Newton                      DALLAS COUNTY, TEXAS

RECEIVED OCT 30 20__ CLERK SUPREME C__

JUDGMENT REVOKING PROBATION

January TERM, A.D., 19 86

| | | | |
|---|---|---|---|
| Judge Presiding | : Kelly Loving | Date of Judgment: | 5/29/86 |
| Attorney for State | : Toby Shook | Attorney for Defendant: | Patricia Hartline |
| Offense Convicted of | : Unlawful Possession of a Controlled Substance, to-wit: Cocaine as charged in the indictment. | | |
| Degree | : Second | Date Offense Committed: | 5/10/84 |

Terms and Conditions Violated and
Grounds for Revocation:    SEE ATTACHED MOTION TO REVOKE

As set out in States May 22, 1986    Motion to Revoke Probation.

| | | |
|---|---|---|
| Original Punishment Assessed | : | 5 years probation |
| Findings on Use of Deadly Weapon | : | N/A |
| Punishment Imposed and Place of Confinement: | 3 years confinement in Texas Department of Corrections and a fine of $ -0- | Date to Commence: 5/29/86 |
| Date of Sentence: | 5/29/86 | Costs: YES/NO |
| Time Credited : 7/16/84-8/17/84; 5/22/86-5/28/86 | | Total Amount of Restitution/Reparation: YES/NO |
| Concurrent Unless Otherwise Specified. N/A | | |

On this day, set forth above, the State's Motion to Revoke Probation in this cause came on for hearing; the State of Texas and Defendant were represented by the above named attorneys and announced ready for hearing. Defendant appeared in person in open court. Where Defendant was not represented by counsel, Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel. Defendant having been heretofore served with a copy of the Motion to Revoke Probation alleging violations of certain terms and conditions of the probation order of the Court as set forth above and filed herein; and the Court after considering the pleadings, and hearing the evidence offered by both the State and Defendant and the arguments of counsel, being of the opinion and finding that since the time Defendant was placed on probation herein and within the term of the probationary period set by the Court, Defendant has violated the terms and conditions of such probation in the manner set forth above as Grounds for Revocation, and that said probation should be revoked;

And, when shown above that a reduction of imprisonment has been allowed by the Court, the Court determined that the best interests of society and the probationer would be served by such shorter term of imprisonment and so reduced the term of imprisonment originally assessed;

THE STATE OF TEXAS
COUNTY OF DALLAS
I, Bill Long, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record in Vol. ___ Page 156 now on file in my office.
WITNESS my official hand and seal of office, this 5-29-86
BILL LONG, DISTRICT CLERK
Dallas County, Texas
By: _____ Deputy

(Continued)

FORM 1
1/1/86

TDC

NO. F88-83767 HR

96/53 E6 · 191

THE STATE OF TEXAS

VS.

CARDELL NEWTON

IN THE 265th JUDICIAL DISTRICT COURT OF

DALLAS COUNTY, TEXAS

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT - WAIVER OF JURY TRIAL

JUDGE PRESIDING: JOHN OVARD  
ATTORNEY FOR STATE: LANA MCDANIEL  
OFFENSE CONVICTED OF: UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, TO-WIT: COCAINE

TERM, A.D., 19 88  JULY
DATE OF JUDGMENT: 9/20/88
ATTORNEY FOR DEFENDANT: GUS GONZALES

DEGREE: SECOND
CHARGING INSTRUMENT: INDICTMENT/INFORMATION

DATE OFFENSE COMMITTED: 6/10/88
PLEA: GUILTY/NOLO CONTENDERE

TERMS OF PLEA BARGAIN (IN DETAIL): 6 YEARS CONFINEMENT IN TDC & $750 FINE

PLEA TO ENHANCEMENT PARAGRAPH(S): NA
FINDINGS ON USE OF DEADLY WEAPON: NA

**DUPLICATE**

FINDINGS ON ENHANCEMENT: NA

DATE SENTENCE IMPOSED: 9/20/88
PUNISHMENT AND PLACE OF CONFINEMENT: 6 YEARS CONFINEMENT IN TEXAS DEPARTMENT OF CORRECTIONS AND A FINE OF $ 750.00

COSTS: YES/NO
DATE TO COMMENCE: 9/20/88

TIME CREDITED: 6/10/88 to 9/20/88

CONCURRENT UNLESS OTHERWISE SPECIFIED.

RESTITUTION/REPARATION: YES/NO

On this day, set forth above, the above styled and numbered cause came to trial. The State of Texas and Defendant appeared by and through the above named attorneys and announced ready for trial. Defendant appeared in person in open court. Where Defendant was not represented by counsel, Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel. Defendant, in person and in writing in open Court having waived his right of trial by jury, and where shown above that the charging instrument was by information instead of indictment, the Defendant did, with the consent and approval of his attorney, of the attorney for the State, and the Court, waive his right to prosecution by indictment and agree to be tried on an affidavit and information; all such waivers, agreements and consents being in writing and filed in the papers of this cause prior to the Defendant entering his plea herein, was duly arraigned and in open Court entered the above plea to the charge contained in the charging instrument, as shown above. Defendant was admonished by the Court of the consequences of the said plea and Defendant persisted in entering said plea, and it plainly appearing to the Court that Defendant is mentally competent and said plea is free and voluntary the said plea was accepted by the Court and is now entered of record as the plea herein of Defendant. Defendant in open Court, in writing having waived the reading of the charging instrument, as shown above, the appearance, confrontation, and cross-examination of witnesses, and agreed that the evidence may be stipulated and consented to the introduction of testimony orally, by

(Continued)

S157715   # A115972

193

FORM 1
1/1/86

TDC

NO. F88-81363 MR        96/51 ES

THE STATE OF TEXAS                IN THE 265th JUDICIAL DISTRICT
VS.                               COURT _____ OF
CARDELL NEWTON                    DALLAS COUNTY, TEXAS

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE
COURT - WAIVER OF JURY TRIAL

JULY TERM, A.D., 19 88

JUDGE PRESIDING  JOHN OVARD            DATE OF JUDGMENT: 9/20/88
ATTORNEY                                ATTORNEY
FOR STATE  LANA MCDANIEL               FOR DEFENDANT: GUS GONZALES
OFFENSE
CONVICTED OF  UNLAWFUL POSSESSION OF A CONTROLLED
              SUBSTANCE, TO-WIT: COCAINE AS CHARGED IN THE 1st PARAGRAPH OF
              THE INDICTMENT

DEGREE: 2nd                            DATE OFFENSE COMMITTED: 4/21/88

CHARGING
INSTRUMENT: INDICTMENT/INFORMATION     PLEA: GUILTY/NOLO CONTENDERE

TERMS OF PLEA
BARGAIN (IN DETAIL)   6 YEARS CONFINEMENT AND $750 FINE    [DUPLICATE]

PLEA TO ENHANCEMENT                    ENHANCEMENT
PARAGRAPH(S)   NA                                          NA
FINDINGS ON USE
OF DEADLY WEAPON   NA

DATE SENTENCE
IMPOSED     9/20/88                    COSTS: YES/NO
PUNISHMENT AND            6 YEARS      CONFINEMENT IN    DATE TO
PLACE OF CONFINEMENT:  TEXAS DEPARTMENT OF CORRECTIONS   COMMENCE:
                       AND A FINE OF $ 750.00                     9/20/88

TIME CREDITED
               6/10/88 to 9/20/88

                                       RESTITUTION/REPARATION: YES/NO
CONCURRENT UNLESS OTHERWISE SPECIFIED.

   On this day, set forth above, the above styled and numbered cause came to trial.
The State of Texas and Defendant appeared by and through the above named attorneys and
announced ready for trial. Defendant appeared in person in open court. Where Defendant
was not represented by counsel, Defendant knowingly, intelligently, and voluntarily waived
the right to representation by counsel. Defendant, in person and in writing in open Court
having waived his right of trial by jury, and where shown above that the charging instru-
ment was by information instead of indictment, the Defendant did, with the consent and
approval of his attorney, of the attorney for the State, and the Court, waive his right to
prosecution by indictment and agree to be tried on an affidavit and information; all such
waivers, agreements and consents being in writing and filed in the papers of this cause
prior to the Defendant entering his plea herein, was duly arraigned and in open Court
entered the above plea to the charge contained in the charging instrument, as shown above.
Defendant was admonished by the Court of the consequences of the said plea and Defendant
persisted in entering said plea, and it plainly appearing to the Court that Defendant is
mentally competent and said plea is free and voluntary the said plea was accepted by the
Court and is now entered of record as the plea herein of Defendant. Defendant in open
Court, in writing having waived the reading of the charging instrument, as shown above,
the appearance, confrontation, and cross-examination of witnesses, and agreed that the
evidence may be stipulated and consented to the introduction of testimony orally, by

(Continued)

rdell Newton
titioner
People of the State of California
espondent

A115772
S157715

RECEIVED
OCT 30 2007
CLERK SUPREME COURT

a. Supporting Facts: (Additional Page)

Because the facts supporting the upper term sentence were neither admitted by appellant nor found by the jury beyond a reasonable doubt, appellant's sentence must be reversed. The trial court alone made the findings of facts in aggravation, by a preponderance of the evidence, based mostly on evidence that was not presented to the jury.

There is more than a reasonable doubt that the jury would have found all of the aggravating factors that the court relied upon. Most notably, a jury might well have found that Smith, a young, healthy woman fully capable of obtaining assistance from law enforcement and the courts, was not "particularly vulnerable". Moreover, the jury might have been persuaded of the mitigating factors suggested by appellant's trial counsel prior to sentencing.

The order sentencing appellant to the upper term in state prison should be reversed.

Thus, there was no waiver in the case. The "statutory maximum" term of imprisonment under the DSL is the middle term, and the trial court may not impose the upper term based on facts not admitted by the defendant or found by the jury beyond a reasonable doubt.

The appropriate remedy in this case is remand for re-sentencing under the DSL as it stood at the time of appellant's conviction, but under the constraints placed on the trial court's discretion by Blakely and Cunningham.

Conclusion

This matter should be remanded to the trial court for re-sentencing under the Determinate Sentencing Law as it existed at the time of appellant's conviction, with the proceedings to be consistent with the holding in Cunningham v. California.

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: ORDER WHICH WAS INVALID DUE TO THE FACT THAT PROOF OF SERVICE WAS APPELLANT WAS ARRESTED ON MARCH 3, 2006, BECAUSE OF A RESTRAINING

6  FORGED BY THE PLAINTIFF TARUB SMITH, THE COURT OF APPEALS SHOULD HAVE

7  REVERSED THIS CONVICTION BECAUSE THE RESTRAINING ORDER WAS INVALID FROM THE START

Supporting Facts: SECTION 646.9 SUBD (B) WHICH GOVERNS STALKING WHERE A COURT ORDER DISTRICT ATTORNEY AMMENDED THE ORIGINAL STALKING COUNT UNDER

8  BARRING IT EXISTS. TO THE LESS PUNITIVE SECTION 646.9 SUBD (A) 14, PERHAPS

9  BECAUSE SMITHS RESTRAINING ORDER WAS PARTIALLY BASED ON TWO FORGED PROOFS OF

SERVICE (CT 98-99)(PLEASE READ APPELLANTS OPENING BRIEF PAGE 11)

10  THE PLAINTIFF TARUB SMITH TESTIFIED IN OPEN COURT - THAT SHE FORGED

TWO PROOFS OF SERVICE - (PLEASE REFER TO REPORTERS TRANSCRIPT ON

APPEAL PAGES 146-148

11  THE TRIAL COURT VIOLATED APPELLANTS SIXTH AND FOURTEENTH AMEND-

Claim Two: MENT RIGHTS WHEN IT IMPOSED THE UPPER PRISON TERM BASED ON

12  FACTORS NIETHOR ADMITTED BY APPELLANT NOR FOUND TRUE BY THE JURY. I AM ASKING

THE CALIFORNIA SUPREME COURT TO REVIEW THE DECISION BY THE COURT OF APPEAL

13  THE TRIAL COURT - BASED ON ITS OWN DETERMINATION OF

Supporting Facts: VARIOUS "AGGRAVATING" FACTORS - THE FEDERAL CONSTITUTIONS JURY

14  TRIAL GUARANTEE, PROSCRIBES A SENTENCING SCHEME THAT ALLOWS A JUDGE TO

IMPOSE A SENTENCE ABOVE THE STATUTORY MAXIMUM BASED ON A FACT OTHER

15  THAN A PRIOR CONVICTION, NOT FOUND BY A JURY OR ADMITTED BY THE

DEFENDANT. - (READ) APPELLANTS OPENING BRIEF - ALSO ADDITIONAL

16  SUPPORTING FACTS -

THE COURT VIOLATED MY AMENDMENTS TO DUE PROCESS - THE RIGHT TO A

17  Claim Three: SPEEDY TRIAL WITHIN 60 CALANDER DAYS ON MAY 15, 06 - I PLEAD NOT GUILTY

AND DIDN'T WAVE ANY TIME, JULY 3, 06 WAS FIRST TRIAL DATE - NO TRIAL ON JULY 10, 06 ANOTHER

18  TRIAL DATE WAS SET - STILL NO TRIAL - ON JULY 13, 06 A DAY BEFORE THE 60 DAYS EXPIRED THE

JUDGE CONTINUED TRIAL UNTIL JULY 17, 06 (SEE REPORTERS TRANSCRIPTS) - PG 7 LINE 24-28

19  IN REGARDS TO MY CASE, I FEEL MY ASSIGNED ATTORNEY MRS.

Supporting Facts: HORSTMAN HAD TO MUCH ON HER CASE LOAD AND THEREFORE WAS UNABLE TO HANDLE MY

20  TRIAL IN A TIMELY FASHION ACCORDING TO SPEEDY TRIAL GUIDLINES. 5-15-06 PLEAD NOT

GUILTY AND DID NOT WAVE TIME. WAS GIVEN A TRIAL DATE OF 7-3-06 BUT MS. HORSTMAN HAD

21  STARTED TRIAL WITH ANOTHER CLIENT - ON THAT DATE I WAS GIVEN A CONTINUANCE TO 7-10-06

MRS. HORSTMAN WAS STILL IN TRIAL ON 7-13-06 MRS. HORSTMAN WAS STILL IN TRIAL BUT WAS

22  PRESENT IN COURT - MATTER CONTINUED TILL 7-17-06 IN VIOLATION OF TIME

CONSTRAINTS. IN REGARDS TO SPEEDY TRIAL AMMENDMENTS -

23  (SEE SUPPLEMENTAL FOR ADDITIONAL SUPPORTING FACTS)

If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  ON JULY 17 2006 - PUBLIC DEFENDER MRS. HORSTMAN ADVISED

26  MYSELF THAT THE COURT DID NOT VIOLATE THE FOREMENTIONED

27  AMMENDMENTS. - FOOTNOTE - AMMENDMENTS #4 AND 14

28

PET. FOR WRIT OF HAB. CORPUS

b. Supporting Cases, rules or other - (Extra Page).

United States v. Booker (2005) 543 U.S. 220

California Cases
Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450
People v. Birks (1988) 19 Cal.4th 108
People v. Black (2005) 35 Cal.4th 1238
People v. Davis (1994) 7 Cal.4th 797
People v. Guerra (2006) 37 Cal.4th 1067
People v. Henderson (1986) 187 Cal.App.3d 1263
Tapia v. Superior Court (1991) 53 Cal.2d 282
People v. Price (1991) 1 Cal.4th 324
United States Constitution
Article I, Section 9
California Constitution
Article I, Section 9
Statutes California Penal Code
Section 646.9, subd. (a), Section 646.9, subd. (b)
Section 1170, subd. (b), Section 1235

Texas Penal Code
   Section 38.04
California Rules of Court
4.420, 4.421, 4.421(a)(7), 4.421(b)(2)
4.422, 4.423

PEOPLE OF THE STATE OF CALIFORNIA
CARDELL NEWTON

Supplemental - Supporting Facts - Claim Three -

Counsel Can Waive Time: IF THE DEFENDANT IS REPRESENTED BY COUNSEL. COUNSEL HAS THE AUTHORITY TO WAIVE DEFENDANTS STATUTORY RIGHT TO A SPEEDY TRIAL AT LEAST IN THE ABSENSE OF EVIDENCE SHOWING INCOMPETENCE OF COUNSEL. (PEOPLE V. HARRISON, 35 CAL 4TH 208, 225, 25 CAL. RPTR. 3D, 224, 106 P.3D 895 (2005) HOWEVER NO SUCH AUTHORITY EXISTS. IF COUNSELS REQUESTS FOR A CONTINUANCE IS PROMPTED ONLY BY HIS NEED TO SERVICE OTHER CLIENTS, AND THE DEFENDANT HIMSELF OBJECTS TO THE DELAY. (PEOPLE VS. JOHNSON) 26 CAL. 3D 557, 566-569, 162 CAL RPTR. 431, 606. P.2D. 738 16 A.L.R. 4TH 12.55; (1980)(PEOPLE VS. WRIGHT) 52. CAL. 3D 367, 389, 276 CAL RPTR. 731, 802. P.2D 221 (1990)).

IV. THE TERM "BROUGHT TO TRIAL" MEANS CALLING THE CASE FOR TRIAL AND BEING READY THEREAFTER TO TRY THE MATTER TO ITS CONCLUSION
THE DEFENDANT MUST BE BROUGHT TO TRIAL WITHIN THE STATUTORY PERIOD OR THE CASE DISMISSED UNLESS GOOD CAUSE CAN BE SHOWN. THE COURT HAS DETERMINED THAT "AN ACCUSED IS 'BROUGHT TO TRIAL' WITHIN THE MEANING OF SECTION 1382. WHEN A CASE HAS BEEN CALLED FOR TRIAL BY A JUDGE WHO IS NORMALLY AVAILABLE AND READY TO TRY THE CASE TO CONCLUSION. THE COURT MUST HAVE COMMITTED ITS RESOURCES TO THE TRIAL. AND THE PARTYS MUST BE READY TO PROCEED. AND A PANEL OF PROSPECTIVE JURORS MUST BE SUMMONED AND SWORN." RHINEHART V. MUNICIPAL COURT. 35. 3D 772. 780, 200, CAL. R.PTR. 916. 677. P.2D. 1206 (1984));

III. CONGESTION OF THE TRIAL COURTS CALENDAR DOES NOT CONSTITUTE GOOD CAUSE TO DENY A MOTION TO DISMISS. IT IS RECOGNIZED THAT THE COURT CONGESTION. DOES NOT CONSTITUTE GOOD CAUSE TO SATISFY THE REQUIREMENTS OF PENAL CODE. S. 1382.(RHINEHART V. MUNICIPAL COURT. 35 CAL. 3.D. 772. 781, 200. CAL RPTR. 916. 667. P.2D. 1206. (1984) PEOPLE V. JOHNSON. 26. CAL 3.D. 772. 180, 200. CAL. RPTR. 557. 162 CAL RPTR. 431. 606 P.2D. 738 16. A.L.R. 4TH. 1255. 1980)



Legal mail

Clerk, Northern Dist.
U.S District courthouse
450 Golden Gate Ave.
16th Floor
San francisco, Ca.
94102

Cordell Newton F-52079
San Quentin Prison
San Quentin, Ca 94964

RE

Confidential mail

pro se

RECEIVED

08 JUN 30 PM 1:59

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6-24-08

RECYCLED Columbian