1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARDELL NEWTON,                          )        No. C 08-03301 JF (PR)
                                         )
                    Petitioner,          )        ORDER VACATING JUDGMENT
                                         )        AND REOPENING CASE; TO
        vs.                              )        SHOW CAUSE
                                         )
PEOPLE,                                  )
                                         )
                    Respondent.          )
                                         )
_____  )

19    Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus.  On

20 August 26, 2008, the Court dismissed the instant action for failure to pay the filing fee.

21 On September 5, 2008, Petitioner filed a letter explaining his failure to file a complete in

22 forma pauperis application due to the lack of response from the Prison Trust Account

23 Office, which the Court construes as a motion for reconsideration and vacate judgment.

24 (Docket No. 8.)  Petitioner paid the filing fee in December 2008.  (Docket No. 9.)  As the

25 Court notes Petitioner has paid the filing fee, the Court will reopen the instant case.

26 Petitioner's motion for reconsideration and request to vacate judgment is GRANTED.

27 The judgment entered on August 26, 2008, (Docket No. 7)  is VACATED and the clerk

28 shall REOPEN the file.  The Court orders Respondent to show cause why the petition

1  should not be granted.

2

3                                    **STATEMENT**

4         According to the petition, Petitioner was arrested on March 3, 2006, for violating a

5  restraining order, and was found guilty thereof by a jury in Alameda County Superior

6  Court.  Petitioner was sentenced to a term of three years and eight months in state prison.

7  Petitioner filed direct appeals in the state courts which were denied.  Petitioner filed the

8  instant federal petition on July 9, 2008.

9

10                                   **DISCUSSION**

11 **A.    Standard of Review**

12        This Court may entertain a petition for writ of habeas corpus "in behalf of a person

13 in custody pursuant to the judgment of a state court only on the ground that he is in

14 custody in violation of the Constitution or laws or treaties of the United States."  28

15 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

16        A district court shall "award the writ or issue an order directing the respondent to

17 show cause why the writ should not be granted, unless it appears from the application that

18 the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

19 **B.    Petitioner's Claims**

20        Petitioner alleges the following claims as grounds for federal habeas relief: 1) the

21 retraining order for which he was convicted was invalid; 2) Petitioner's rights under the

22 Sixth and Fourteenth Amendments were violated when the trial court imposed the upper

23 term based on evidence "neither admitted by [Petitioner] nor found true by the jury," (Pet.

24 11); 3) Petitioner's right to a speedy trial was violated; 4) Petitioner was not "brought to

25 trial" within the meaning of California Penal Code § 1382; and 5) Petitioner's motion to

26 dismiss under Penal Code § 1382 was improperly denied.  Claims four and five are not

27 cognizable in a federal habeas action because a writ of habeas corpus is available under §

28 2254(a) "only on the basis of some transgression of federal law binding on the state

1  courts." <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (<u>citing</u> <u>Engle v. Isaac</u>,

2  456 U.S. 107, 119 (1982)).  It is unavailable for violations of state law or for alleged error

3  in the interpretation or application of state law.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62,

4  67-68 (1991); Engle, 456 U.S. at 119.  Petitioner has not specified any violation of federal

5  law in these two last claims.  Claims four and five, therefore, will be dismissed without

6  leave to amend.

7      The Court orders Respondent to show cause why the petition for a writ of habeas

8  corpus should not be granted as to the remaining claims, which, when liberally construed,

9  are cognizable under § 2254.

10

11                          **CONCLUSION**

12      1.    The Clerk shall serve by mail a copy of this order and the petition

13  and all attachments thereto upon the Respondent and the Respondent's attorney, the

14  Attorney General of the State of California.  The Clerk shall also serve a copy of this

15  order on the Petitioner.

16      2.    Respondent shall file with the Court and serve on Petitioner, **within sixty**

17  **(60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of

18  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

19  should not be granted.  Respondent shall file with the answer and serve on Petitioner a

20  copy of all portions of the state parole record that have been transcribed previously and

21  that are relevant to a determination of the issues presented by the petition.

22      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse

23  with the Court and serving it on Respondent **within thirty (30) days** of that the answer is

24  filed.

25      3.    Alternatively, Respondent may, within **sixty (60) days** of the date this order

26  is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in

27  the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If

28  Respondent files such a motion, Petitioner shall file with the Court and serve on

Respondent an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of the date any opposition is filed.

4.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:    5/18/09

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


CARDELL NEWTON,

              Petitioner,

  v.

PEOPLE OF THE STATE OF CALIFORNIA,

              Respondent.

_____/

Case Number: CV08-03301 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ___5/27/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Cardell Newton F-52079
Sierra Conservation Center
5150 O'Byrnes Ferry Road
B-3/134L
Jamestown, CA 95327


Dated: ___5/27/09_____

                            Richard W. Wieking, Clerk